UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HALLMARK AMERICAN INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>RONALD C. BROYLES, et al.,<br><br>Defendants. | Case No. 15-cv-05536-RS<br><br>**ORDER VACATING TRIAL DATE AND REQUESTING FURTHER BRIEFING** |

The parties are advised that due to the precedence of a criminal matter, trial in this action cannot go forward as scheduled on January 9, 2017, and that date is hereby vacated. Additionally, upon review of the joint pretrial conference statement and further consideration of the issues, it appears likely that there are no factual issues remaining to be tried in this action. The prior order on plaintiff's motion for summary judgment preserved the trial date because, for the reasons stated therein, plaintiff is not entitled to a declaration in its favor that the maximum possible recovery under the insurance policy in dispute is only $100,000 in total, as opposed to a maximum of $100,000 for the injuries suffered by Ronald Broyles, and a separate limit of $100,000 for the loss of consortium claim advanced by Jean Broyles. As there had been no cross-motion for summary judgment brought by defendants, it appeared entry of a final judgment would have been premature.

To the extent that language in the summary judgment order implied it would be incumbent on Jean Broyles to prove in this action that she suffered a "bodily injury," that is not correct.

Indeed, in the pretrial conference statement, the parties appear to be in agreement on this point, as they state, "[n]either Hallmark nor the Broyles believe issue for trial includes the nature and extent of any bodily injury Jean Broyles may have suffered or the amount of any damages, if any, to which she may be entitled."

As indicated in the summary judgment order, this case is governed by *Abellon v. Hartford Insurance Co.*, 167 Cal.App.3d 21 (1985) and by the Ninth Circuit's holding in *Allstate Ins. Co. v. Fibus*, 855 F.2d 660, 663 (9th Cir. 1988), that *Abellon* represents the applicable California law when the policy language is like that present here.  Under *Abellon* and *Fibus*, there is separate coverage for Jean Broyle's loss of consortium claim as a matter of law. *Abellon*, 167 Cal. App. 3d at 33 ("[W]e conclude when the insurance policy is read as a whole it covers Jeanne's loss of consortium damages. Specifically, we find Jeanne's independent injury covered by the 'per occurrence' limitation . . . If Hartford wants to limit liability in accidents where loss of consortium damages are sought, it should expressly provide that such damages are subject to the "per person" limitation.")  Additionally, under *Abellon* and *Fibus*, policy language requiring "bodily injury" does not serve to preclude coverage for loss of consortium claims, for reasons explained in *Abellon* at some length.  *See* 167 Cal. App. 3d at 26-30.

Of course, for purposes of *indemnity* coverage, Jean Broyles must still prove a loss of consortium claim in the underlying action.  Those issues, however, are not for trial here. Accordingly, it appears there is nothing left to be adjudicated in this action, and that entry of a final judgment providing plaintiff some, but not all of the declaratory relief it sought is appropriate.  As noted above, in the absence of a cross-motion for summary judgment from the Broyles, it was not immediately apparent that granting plaintiff's motion for summary judgment in part, and denying it in part would lead to that result.

Because this leaves the case in something of a procedural limbo, the parties' views on how to proceed will be solicited.  Accordingly, the parties are directed to meet and confer in light of this order.  No later than January 9, 2017, they shall submit either a stipulation for entry of judgment including a proposed form of judgment, or a joint statement setting out any agreement they have reached as to how the matter should proceed, or in the event they have not reached

agreement, their respective separate proposals.

**IT IS SO ORDERED**.

Dated: December 8, 2016

_____
RICHARD SEEBORG
United States District Judge