UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HALLMARK AMERICAN INSURANCE COMPANY,

   Plaintiff,

   v.

RONALD C. BROYLES, et al.,

   Defendants.

Case No. 15-cv-05536-RS

**ORDER RE BRIEFING AND TRIAL**

As directed by a prior order, the parties have submitted a joint statement regarding the issues they believe remain to be resolved in this matter. The parties propose a proceeding that nominally would constitute a "bench trial," but they will present stipulated facts and briefing, rather than any live witness testimony.

The parties are in agreement that the question of "whether Jean Broyles suffered a 'bodily injury' and, if so, what her damages might be is a matter for the state court." Hallmark contends, however, that neither the prior orders nor the Broyles "have addressed Hallmark's argument that the claim alleged by Jean Broyles is not a claim for 'bodily injury' 'arising out of service operations performed by the insured in connection with the ownership, maintenance, operation or use of the airport if the occurrence happens after the services have been completed or abandoned' as required under the Hallmark policy." Hallmark repeats the position it advanced in its summary judgment motion that Jean Broyles' claim is "wholly derivative of Ronald Broyles' claim for bodily injury and is subject to the same 'each person' limit applicable to Ronald Broyles' claims for bodily injury."

The prior order concluded that "[u]nder *Abellon* and *Fibus*, there is separate

coverage for Jean Broyles' loss of consortium claim as a matter of law." *Abellon* expressly rejected an argument that appears indistinguishable from what Hallmark is contending here. *See Abellon v. Hartford Ins. Co.*, 167 Cal. App. 3d 21, 25 ("Hartford urges Jeanne's loss of consortium is *derived from* the injuries Carlos sustained and her consequential damages are therefore subject to the 'per person' limitation . . . . By merging Jeanne's injury with that of her husband, her injury, in effect, becomes derivative and noncompensable under the terms of the insurance contract, thus effectively negating public policy . . . . [Case law] supports the inevitable conclusion Jeanne has suffered an independent, nonparasitic personal injury as a result of an automobile accident negligently caused by Hartford's insured. She *is a second person injured by the accident*." (emphasis added)). *Fibus* is to the same effect. *See Allstate Ins. Co. v. Fibus*, 855 F.2d 660, 663 (9th Cir. 1988).

Accordingly, it is not clear why Hallmark believes the prior orders have not addressed its argument that Jean Broyles' claim is "wholly derivative" and not a claim for "bodily injury." The orders found that argument to be untenable in light of *Abellon* and *Fibus*. Nevertheless, because the parties are in agreement that further briefing and a bench trial (without live testimony) is appropriate for a complete and final resolution of the issue, their proposal to proceed in that manner will be adopted. Hallmark shall file its opening brief by January 31, 2017. The Broyles may file a responsive brief by February 14, 2017. Any reply shall be filed within one week thereafter. The matter will be set for hearing as a "bench trial" on March 1, 2017, at 10:00 a.m., with the understanding that no live testimony will be introduced and that arguments will be concluded no later than 11:30 a.m.

**IT IS SO ORDERED**.

Dated: January 13, 2017

RICHARD SEEBORG
United States District Judge